Pro se Litigant
Robert Lee Dahlem
Rural Route 5360 Ariva ST #306
Lakeland, Florida
Zip Exempt, Near [33812]

*United States District Court*
*Middle District of Florida*
*Tampa Division*

STATE OF ILLINOIS ~~IN THE THIRTIETH JUDICIAL CIRCUIT COURT IN AND FOR SUNSHINE COUNTY, FLORIDA~~

| | |
|---|---|
| Robert Lee Dahlem<br><br>Plaintiff,<br><br>v.<br><br>Karen A. Yarbrough<br><br>Defendant. | Docket No.: 8:23 cv 863 WFJ - SPF<br><br>COMPLAINT FOR DAMAGES |

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Robert Lee Dahlem [hereinafter referred to as "**Plaintiff**"], and for his cause of action against the Defendant, Karen A. Yarbrough [hereinafter referred to as "**Defendant**"] would state:

### PRELIMINARY STATEMENT: PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Robert Lee Dahlem, is a resident of Polk County Florida, and the afore-mentioned address of the Plaintiff is sufficient and is to be used for all purposes of service.

COMPLAINT FOR DAMAGES

TKA -68440
$402.00

2. Defendant, Karen Yarbrough, is currently working as a clerk at the Cook County, Illinois.

3. The cause of action accrued in favor of the Plaintiff when a misrepresentation was made to him about a non-existent legal requirement to obtain a marriage license, which the Plaintiff acted upon to his detriment, causing him material loss and damage. The subsequent cause of action arose in favor of the Plaintiff against the Defendant accrued to him when despite being repeatedly apprised through notarized affidavits of the Plaintiff's recission of his signatures and revocation of his consent, the Defendant failed to remedy the defect caused by the actions of a previous clerk of the Cook Country, despite having ample powers to do so.

4. Pursuant to 735 ILCS 5/ Sec 2-209, this court is conferred with immense jurisdiction to try this claim. All acts giving rise to the subject matter of the instant complaint have occurred or accrued in Cook Country Illinois, hence this court has full territorial and subject matter jurisdiction to entertain the instant Complaint.

## STATEMENT OF FACTS

5. On or around Dec 10 2010, Plaintiff applied for a marriage license and was issued a marriage certificate for his marriage to Esmeralda Perez.

6. The reason behind making this application and issuance of a marriage certificate thereof, was a misrepresentation made to the Plaintiff by the clerk of Cook Country, Illinois, stating a marriage license to be a mandatory requirement under law for consolidation of the marriage contract. Unbeknownst to the Plaintiff, no such obligation existed upon him as

per law and had it not been for this misrepresentation, the said application would not have been made.

7. As a direct result of the above application, Plaintiff's right to privately contract, as guaranteed to him under the natural laws, common law and the Constitution of Illinois, was encumbered by the Government against the wishes of the Plaintiff, despite the Government having no privity to the contract or the contractual relationship arising thereof. Further, the Plaintiff was made to permit the Cook County, the Cook County Clerk, the State of Illinois and the United States to exercise personal or subject matter jurisdiction over his marriage contract, on basis of a false belief, deliberately induced by the then clerk.

8. Henceforth, the Plaintiff was forced, directly or indirectly, into taking an action that did not arise out of his freewill and consent, but was a result of a false belief induced in him, that the same was a legal requirement to be fulfilled as condition precedent for the marriage to come into effect, alongwith a threat of denial is case of non-compliance thereof.

9. As soon as the Plaintiff became cognizant of the above misrepresentation, and seeking to rescind all his signatures indicating consent on the Marriage application and certificate, the Plaintiff sent a notarized affidavit of recission of signature to the Defendant, detailing therein that he revoke without prejudice to his rights all permissions and consents given by him on basis of the false representation made to him, and the application and licenses issued to the Plaintiff on basis of such consent shall be considered void ab initio.

10. Repeated Affidavits in the above terms were sent on Feb 9 2022, March 3 2022, April 13 2022, and finally on May 5 2022 and were duly served upon the Defendant, however even after passing of a substantial and inordinate time period form the service of these Affidavits, the Defendants has failed to even acknowledge the same, let alone giving a detailed response thereof. *(Copies of the said Affidavits are attached herewith for reference, see Exhibit A.)*

11. The deliberate ignorance shown by the Defendant to the Affidavits sent by the Plaintiff accounts to a failure to perform a duty on his part, with recourse to the Cook Country, Illinois.

12. It is imperative to note that Affidavits are sworn documents containing a presumption of truth and the person making the Affidavits can be held liable to perjury for lying on oath, which indicates to their significance as compared to other documents and notices. Therefore, as per the maxim vested with the force of law, *"an unrebutted affidavit stands as the truth in commerce"*. **See 1 Pet. 1:25; Heb. 6:13-15.** This is further strengthened by the legal maxim which states that *"He, who does not deny, admits."* If a claim is made in an Affidavit and it goes unchallenged, the said claim emerges .as a truth in the matter. Accordingly, an unrebutted affidavit becomes the judgement in commerce. **See Heb. 6:16-17.**

13. Hence, the unrebutted affidavits are an admission on part of the Defendant of the liability arising on the Cook County in respect of the previous misrepresentation made by the then clerk, but the Defendant has still failed to remedy the defect caused by such misrepresentation, which amounts to abuse of power.

14. In view of the foregoing, the Defendant is to be found guilty for negligence, abuse of power, failure to remedy a wrong committed by his office, and for causing deliberate and unlawful deprivation of proprietary and other fundamental and constitutionally guaranteed rights of the Plaintiff. With recourse to the cook county, the Defendant is to be found guilty for fraud and misrepresentation.

## FIRST CAUSE OF ACTION: FRAUD, SWINDLE AND MISREPRESENTATION

15. The actions of the Defendant with recourse to the cook county constitute fraud, swindle and misrepresentation because the Plaintiff was given the impression that he was legally required to receive approval for his marriage by applying for a marriage certificate and receiving a license thereof when no such requirement existed, and the Defendant has directly contributed to continuance of this fraud by failing to correct it after notice.

16. The actions of the Defendants with recourse to the cook county fulfill all elements for a common law claim of fraud. This is because a false statement of a material fact was made to the Plaintiff by a previous clerk, with the knowledge that it is false, and with intent to

induce the Plaintiff to act upon it, while the Plaintiff reasonably and justifiably relied on the false statement and suffered damages due to such reliance, and still the Defendant has failed to correct it thereby directly contributing to the same, *For reference, see Soules v. Gen. Motors Corp., 79 Ill. 2d 282, 286 (1980); Abazari v. Rosalind Franklin Univ. of Med. & Sci., 2015 IL App (2d) 140952.*

## SECOND CAUSE OF ACTION: DEPRIVATION OF CONSTITUTIONALLY PROTECTED RIGHTS AND DURESS

17. By refusing to correct the defect caused by actions of a previous clerk, the Defendant attempts to deprive the Plaintiff of his constitutionally protected rights, the very basic of which is the right to enter into a private contract out of his own free will and consent, and without duress of any form. The Plaintiff by threat of denial, was deprived of his right to enter a private contract of marriage, which right is most sacred and not only protected by the constitution but also the doctrines of natural law and common law.

18. While depriving the Plaintiff of his right to enter into a private contract, the Plaintiff was made to act under the element of duress to make him enter into a different contract altogether without his consent. This contract created a relationship and a corresponding obligation on his part towards the Government which lacked any privity to the contract between the Plaintiff and his wife, against his free will, and by inducing a wrongful belief in him. Hence the said contract being entered into, was void for reason of lack of disclosure, lack of freewill and duress being the basis on which the said contract was entered into by

the Plaintiff. However, despite being notified of the same the Defendant has failed to remedy this defect thereby placing direct liability on the Defendant.

## THIRD CAUSE OF ACTION: ABUSE OF POWER AND BREACH OF FIDUCIARY DUTY TOWARDS THE PLAITNIFF

19. The Defendant's actions constitute a breach of the fiduciary duty owed by the Defendant to the Plaintiff, being an elected official and bestowed with the powers to serve the Plaintiff and the general public. Being a public servant, the Defendant was in a position to correct the defect caused by the misrepresentation made to the Plaintiff, however the Defendant despite having immense powers showed complete inaction which was in breach of his fiduciary obligation to the Plaintiff.

20. While being so, his actions also constitute an abuse/misuse of ministerial powers vested in the Defendants by the law and the state. The inaction of the Defendant in response to the notarized affidavits, while being a disservice to his ministerial powers to amend, alter, revoke and certify all vital records, constitute abuse of power.

21. As a proximate result of Defendants' actions, Plaintiff has suffered substantial damages, including but not limited to waste of time, money, mental agony and suffering, along with impairment of contractual, statutory and constitutional rights provided to him by the law of land.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Robert Lee Dahlem, prays the court hold the Defendant liable for all above counts, and grant damages to the tune of $300,000 on all accounts as incurred by Plaintiff due to Defendant's inaction to remedy the wrongs committed against the Plaintiff, despite repeated notices.

WHEREFORE, Plaintiff also prays that this Court may also grant additional costs in favor of the Plaintiff by imposing exemplary costs upon the Defendant, considering abuse of public power and deliberately causing continued violation of the Plaintiff's constitutionally protected rights, as deemed fit, alongwith interest and cost of suit.

WHEREFORE, **Plaintiff also requests for grant of Default Judgement in the instant complaint as the contents of the complaint stand admitted by non-rebuttal of claims made in the Affidavits.**

WITHOUT PREJUDICE, If this court does not find default judgement in favor of the Plaintiff, Plaintiff hereby demands a jury trial of each and every claim and issue in this case.

Respectfully Submitted

*[signature]*
*All Rights Reserved*

Robert Lee Dahlem